951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Richard KNOWLES, Defendant-Appellant.
 No. 91-1596.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1991.
 
 Before RYAN and BOGGS, Circuit Judges, and GODBOLD, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Appellant James Richard Knowles was tried and convicted on four counts of willfully attempting to evade income tax for the years 1983 through 1986. Knowles appealed his conviction, arguing (1) that the district court erred in failing to instruct the jury that his good faith belief that he was not required to pay taxes was a valid defense and (2) that he was denied his Sixth Amendment right to the effective assistance of counsel. In an unpublished opinion, a Sixth Circuit panel held that the jury instructions were proper. U.S. v. Knowles, Slip Op. No. 89-2325 (6th Cir. Oct 17, 1990) (per curiam). In addition, since the ineffective assistance of counsel claim was raised for the first time on appeal, this court remanded the claim to the district court for a determination.
 
 
 2
 Judge Bell conducted a hearing on appellant's motion for a new trial based on the ineffective assistance of counsel and ultimately denied that motion. On this appeal, Knowles challenges the denial of his motion for a new trial. Knowles also reasserts his argument that the jury instructions were improper, especially in light of the Supreme Court's recent decision in Cheek v. United States, 111 S.Ct. 604 (1991). For the reasons set forth below, we affirm.
 
 I.
 
 3
 The Sixth Circuit has already upheld the jury instructions given by the trial court in this case. This court was correct on its first review: "[T]he district court accurately stated the law in its good faith jury instruction. The district court correctly distinguished between a good faith misunderstanding of the law, which is a valid defense, and a good faith disagreement with the law, which is not a valid defense." Knowles, Slip Op. at 4. The original holding in this case is perfectly consistent with the Supreme Court's opinion in Cheek and we reaffirm it.
 
 II.
 
 4
 We also find that appellant's ineffective assistance of counsel claim is without merit. In order to require reversal of a conviction, a defendant must meet the two components of the test set out by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687 (1984):
 
 
 5
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 6
 Knowles has not met either of these requirements. Knowles presented various allegations regarding the conduct of his trial counsel, all of which were thoroughly considered and properly rejected by the district court. Strickland establishes a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance.... Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." Id. at 690.
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 John C. Godbold, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation